# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOE CONRAD, an individual, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>LAKE LAS VEGAS, INC. dba LAKE LAS )<br>VEGAS, WORLD ENDURANCE, WORLD )<br>TRIATHLON CORPORATION, and DOES 1 )<br>through 100; and ROE CORPORATIONS 101 )<br>through 200, )<br>)<br>Defendants. )<br>) | Case No.: 2:14-cv-00785-GMN-CWH<br><br>**ORDER** |

For the reasons discussed below, the Court **REMANDS** this case to state court for failing to demonstrate the complete diversity of the parties required for this Court to exercise jurisdiction.

## I.  BACKGROUND

On January 21, 2014, Plaintiff Joe Conrad ("Plaintiff") filed a Complaint (ECF No. 1-2) in Nevada state court asserting premise liability claims against all defendants for injuries he incurred while working as a volunteer at a race. (Compl. ¶ 8, ECF No. 1-2.) Plaintiff served process on the named defendants Lake Las Vegas Inc. ("Lake Las Vegas") and World Triathlon Corporation ("World Triathlon") on April 28, 2014 and April 29, 2014 respectively. (Summons, ECF No. 1-1.) On May 19, 2104, World Triathlon filed a timely Notice of Removal (ECF No. 1), seeking to remove the case to this Court on the basis of diversity jurisdiction.

On May 21, this Court entered an Order to Show Cause (ECF No. 5) ordering World Triathlon to demonstrate that the necessary elements for diversity jurisdiction under 28 U.S.C.

§ 1332 had been met in this case. World Triathlon filed its Statement of Removal (ECF No. 6) on May 22, 2014 and its Response to the Order to Show Cause on June 2, 2014. (ECF No. 8.)

## II.	LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident

defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted).  Additionally, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

### III.  DISCUSSION

As noted above, in order for this Court to exercise jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship among the named parties. *Princess Cruises*, 236 F.3d at 1067.  Therefore, "each plaintiff must be a citizen of a different state than each defendant." *Id.*

Plaintiff here is a citizen of Nevada, (Compl. ¶ 3, ECF No. 1-2), and World Triathlon is a citizen of Florida. (Resp. to Order to Show Cause 4:1-4, ECF No. 8.)  However, Lake Las Vegas appears to also be a citizen of Nevada and has been served as a defendant in this case. (Statement of Removal ¶ 3, ECF No. 6.)

World Triathlon provides no explanation in its Response to the Court's Order to Show Cause as to why Lake Las Vegas's presence as a defendant in this case does not destroy the complete diversity necessary for this Court to exercise jurisdiction.  The only explanation given in any of World Triathlon's filings about Lake Las Vegas is in its Statement of Removal when World Triathlon states: "after Defendant filed its Notice of Removal, Plaintiff's attorney advised it that Defendant Lake Las Vegas, Inc., is not the correct Defendant, and Plaintiff may join other Defendants to this case." (*Id.*)

This statement standing alone, however, is insufficient for World Triathlon to meet its burden in establishing jurisdiction.  As Lake Las Vegas was and still is a defendant in this case, World Triathlon has not shown complete diversity among the parties at the time of removal. *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) ("When an action is

removed based on diversity, complete diversity must exist at removal."). Likewise, World Triathlon has not alleged or shown that Lake Las Vegas is a fraudulently joined defendant because there is no indication from the filings that Plaintiff has failed to state a claim against Lake Las Vegas. *Hunter*, 582 F.3d at 1043 ("Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.") Therefore, this Court lacks jurisdiction and this case must be remanded back to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (internal quotations omitted).

Accordingly,

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this court's case.

**DATED** this __3__ day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge